STATE BOARD OF MEDICAL EXAMINERS, PLAINTIFF—
   DEFENDANT IN CERTIORARI, v. ALSON J. WALKER,
   DEFENDANT—PROSECUTOR IN CERTIORARI.

Submitted November 4, 1927—Decided February 8, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor in *certiorari, Elmer W. Romine.*

For the defendant in *certiorari, Edward L. Katzenbach,*
attorney-general.

PER CURIAM.

The prosecutor of this writ of *certiorari,* Alson J. Walker,
was convicted of a second offense before the District Court of
Orange upon a charge of practicing medicine and surgery
without a license.  He obtained this writ of *certiorari* to
review that conviction.

The prosecutor's first point is that the District Court had
no jurisdiction to hear the case.  We think it had.  Jurisdic-
tion was conferred by section 10 of the Medical act as
amended by chapter 221 of *Pamph. L.* 1921, *p.* 708, and the
procedure outlined therein was followed precisely.

The prosecutor's next point is that the acts committed by
the defendant did not constitute a violation of the statute.
We think they did.  The board produced three witnesses who
testified they had at various times visited the defendant's
offices at 233 Main street, Orange; that to the right of the
door as they entered was the sign "Dr. Alson J. Walker;"
that upstairs in the front part of the building on the door was
the sign "Dr. Alson J. Walker" and office hours; that the

office was divided into a waiting room and a treating room; that the witnesses told the accused of their ailments, and he diagnosed their troubles, and gave to each of them treatments of adjustments, known as chiropractic treatments; that he manipulated the spinal column with his hands.

The proofs made by the plaintiff were not disputed by the defendant. He did not testify in his own behalf. There was no evidence that the accused had any license to practice as a chiropractic. We think that the testimony referred to justified the conviction. *State Board of Medical Examiners* v. *Geidroyc*, 91 *N. J. L.* 61; *State Board of Medical Examiners* v. *Maza*, 4 *N. J. Mis. R.* 73; *State Board of Medical Examiners* v. *Jilson*, 4 *Id.* 77.

The next point is that the defendant was entitled to trial by jury. It is settled in this court to the contrary. *State Board of Medical Examiners* v. *Buettel*, 3 *N. J. Adv. R.* 1860.

The judgment will be affirmed, with costs.